## GAMBLE v. WILSON & CO., Inc.
### No. 5304.

Court of Appeal of Louisiana.  Second
Circuit.

Dec. 11, 1936.

Irion & Switzer, of Shreveport, and Gordon Boswell, of New Orleans, for appellant.

John T. Campbell, of Minden, for appellee.

DREW, Judge.

This suit arose out of injuries received by plaintiff in an automobile collision. She alleged that at about midnight of February 8, 1935, she was riding on the rear seat of a Dodge sedan, driven by her husband and occupied by two persons, in addition to herself and husband; that they were proceeding north on U. S. highway No. 71, in Bossier parish, toward Bossier City and between Bossier City and Barksdale Field; that said truck was left unattended with the larger portion of it on the dirt shoulder, but partly on the paved highway; that a slow rain was falling; that the automobile in which she was riding collided with the rear of the truck, causing her to suffer certain injuries for which she prays for $7,500 in damages.

Defendant admitted the condition of the weather at the time; that its truck was being operated by its employee within the scope and course of his employment, but denied all other substantial allegations of the petition.

Further answering, defendant averred that the truck had been "drowned out" by a heavy rain and was parked on the shoulder of the road on the east side thereof; and that at the time of the accident, all clearance lights and other warning lights were burning and that plaintiff could have seen the truck when a distance of 200 feet away.

Defendant also alleged, in the alternative, contributory negligence on the part of plaintiff, which defense has been abandoned in this court.

The lower court rendered judgment for plaintiff in the sum of $1,500, from which judgment defendant has appealed, and plaintiff has answered the appeal praying that the amount of the award be increased to the amount sued for.

Since defendant has abandoned its plea of contributory negligence and since the negligence, if any, of the driver of the car in which she was riding cannot be imputed to her, there remains but one question for determination, which is: Was the truck driver negligent in leaving the truck parked on the highway, as is disclosed by the evidence?

The law governing in the case is Act No. 21 of 1932, § 3, rule 15, which is as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not

less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in each direction upon such highway; provided, that if such vehicle is left parked, attended or unattended, one half hour after sunset or one half hour before sunrise, the person stopping it or parking it at that time or place, or causing it to be so stopped or parked or left standing, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence thereat.

"(b) Whenever any highway patrol or other traffic officer shall find a vehicle standing upon a highway in violation of the provisions of this section, he is hereby authorized to move such vehicle or to require the driver or person in charge of such vehicle to move the same to a position permitted under this section.

"(c) The provisions of this rule shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position; provided, it shall be the duty of the owner or driver of any such vehicle to remove the same as soon as possible and until removed to protect traffic from same at his responsibility.

"(d) No person shall park a vehicle or permit it to stand, whether attended or unattended, upon a highway in front of a private driveway or within fifteen (15) feet in either direction of a fire hydrant or the entrance to a fire station, nor within twenty-five (25) feet from the intersection of curb lines; or, if none, then within fifteen (15) feet of the intersection of property lines at an intersection of highways.

"(e) No person having control or charge of a motor vehicle shall allow such vehicle to stand on any highway unattended without first effectively setting the brakes thereon and stopping the motor of said vehicle; and, when standing upon any grade, without, in addition, turning the front wheels of such vehicle to the curb or side of the highway."

Under the testimony in the case, subdivision (c) of said rule is applicable.

The truck was a large International truck, with a refrigerator body, the body being 7 feet wide, 10½ feet tall, and the wheel-base of the truck, 208 inches. It was traveling toward Bossier City when, within about one or two miles of the city, it was drowned out by a hard rain. This was about 8 o'clock at night. The driver went to a nearby store and telephoned his employer, related the condition of the truck, and was told to try to dry it out and bring it in. An attempt was made to do so, without success. By making use of the starter, the driver succeeded in getting the two front wheels and the right rear wheel off the pavement, leaving the left rear wheel on the pavement. He then claims to have turned off the headlights and left the clearance lights burning, consisting of three clearance lights and one taillight, practically hidden by the rear bumper. He then proceeded to his home, some three or four hundred yards distant from the truck, and went to bed. This was about 8:30 o'clock at night. Rain was still falling and continued to do so until the time of the accident, but not nearly so hard as in the early part of the night. The position of the truck, as we think the evidence clearly discloses, was at an angle, the front part off the payment a few feet and the left rear extending on the pavement. From the edge of the pavement to the inside of the left hind dual wheel was at least 3 feet, by actual measurement made by an officer of Bossier City, using as a measuring stick his shoe, which was size 10½, and at least, 12 inches in length. The dual wheels, which were at least 12 to 18 inches in width, would make the outside of the left rear wheel not less than 4 feet from the edge of the pavement. According to the testimony of the truck driver, the body of the truck extended 4 feet back of the wheels which, at the angle the truck was sitting, would cause the left rear corner of the bumper and body of the truck to extend possibly 6 feet, and certainly not less than 5½ feet, onto the pavement. The pavement was of standard width, which is either 18 or 20 feet. The right half of said pavement where plaintiff's car was driving was not over 9 or 10 feet wide. It therefore is certain that the truck was obstructing more than one-half of the right half of the pavement. It was in this position at 12 o'clock midnight, when the car in which plaintiff

was riding, traveling in the same direction the truck had been traveling, collided with the left rear corner of said truck and injured plaintiff. The evidence, we think, makes it clear that at the time the driver left the truck unattended, the clearance lights were burning. Likewise, it is equally as evident that at the time of the collision, there were no lights burning on the truck. We are also convinced that if the lights had been burning, they could not have been seen for a distance of 200 feet in either direction, due to the weather conditions.

Subdivision (c) of rule 15, § 3 of Act No. 21 of 1932, above quoted, does not authorize the leaving of a truck on the highway for an indefinite period of time. It authorizes it to be left there temporarily and to be removed as soon as possible, and makes it the duty of the driver thereof to protect traffic from colliding with the truck, on his responsibility. From the place where the truck stopped to the city of Bossier City was, at the most, not over 2 miles. It was early in the night when it stopped, and there is no good reason that can be given why the driver did not go into Bossier City and get assistance from a garage or elsewhere to remove the truck from the highway, or even to pull it in. The mere fact that the clearance lights were left on was not sufficient precaution, and this is especially true due to poor visibility on that night. The driver could not assume that the lights would burn all night. He did so at his peril.

We are therefore convinced that the clearance on said highway opposite the truck for passage of traffic was less than 15 feet, and it was negligence of the grossest kind for the truck to have been left as it was by the driver. Especially is this true, when the weather and visibility were such as they were.

◼ The only remaining question is the quantum of damages. Plaintiff is 36 years of age, married, and has two children. The injuries she received are described by the doctors who attended her as follows: Bruises and contusions over the left arm, shoulders, both sides of the neck and arms; over both limbs, portions of them; the most painful bruise, and the one of which she complained most, was over the costal region on the left side, the lumbar. Plaintiff was confined to her bed for 4 weeks and to her room for

several weeks thereafter. Her side was strapped with adhesive, as was her back, and she was given hypodermics to relieve her pain for some time after the accident. Plaintiff was under the care of a doctor for four or five months; and is noticeably more nervous since the accident than she was before. Although 14 months had elapsed since the accident when the case was tried, plaintiff still complained of her back; was still suffering from nervousness, and the doctor who treated her said she would be disabled from doing housework for possibly three months or more. There can be no doubt that plaintiff has suffered very much.

The lower court awarded her $1,500, which we do not think excessive, although we are of the opinion it will adequately compensate her for the injuries, pain, and suffering she has endured.

The judgment of the lower court is correct and is affirmed, with costs.